Filed 2/22/24  P. v. Chau CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MINH CHOUNG CHAU,<br><br>    Defendant and Appellant. | D081394<br><br><br>(Super. Ct. No. SCD203402) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Minh Choung Chau, in pro. per.; William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Minh Choung Chau appeals from an order denying his petition to vacate his attempted murder conviction and for resentencing under Penal

Code section 1172.6.[1]  His appointed appellate counsel filed an opening brief requesting review under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)  After we issued a *Delgadillo* order notifying Chau of his right to file a supplemental brief, he did so.  We conclude Chau has failed to identify any arguably meritorious issues for appeal.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Chau was charged by information with premeditated attempted murder (§§ 187, subd. (a), 664, 189, count 1), along with an allegation he personally inflicted great bodily injury during the commission of the offense (§ 12022.7, subd. (a)), and various firearms allegations, including an allegation he personally discharged a firearm causing great bodily injury (§§ 12022.53, subds. (b)-(d); 12022.5, subd.(a)).  Chau was also charged with assault with a semi-automatic firearm (§ 245, subd. (b), count 2), and burglary of an inhabited dwelling (§§ 459, 460, count 3), with allegations attached to each count that he personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The case proceeded to a jury trial and Chau was the sole defendant.  In instructing on the elements of attempted murder, the trial court provided CALCRIM No. 600, which required the People to prove, beyond a reasonable doubt:  (1) "[t]he defendant took at least one direct but ineffective step toward killing another person;" and "(2) [t]he defendant intended to kill that person."  The court also gave CALCRIM No. 601, which required the jury to determine

---

[1]  Chau brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022.  (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).)  We refer to the subject statute by its current number throughout this opinion.  All further statutory references are to the Penal Code.

whether the attempted murder offense was done willfully, and with deliberation and premeditation. The instruction stated, in part: "The defendant acted *willfully* if he intended to kill when he acted." The court did not give any instructions on the natural and probable consequences theory of aiding and abetting, or aiding and abetting generally.

On September 20, 2007, the jury found Chau guilty on all counts and found true the charged allegations. The court sentenced Chau to an indeterminate life term on count 1, plus 25 years to life for the firearms allegation under section 12022.53, subdivision (d). In 2009, we affirmed the judgment in an unpublished opinion. (*People v. Chau* (Aug. 7, 2009, D052350) [nonpub. opn.].)

In May 2022, Chau petitioned to vacate his conviction under section 1172.6. In a form petition, Chau asserted that an information was filed against him allowing the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory in which malice is imputed. He further alleged he could not now be convicted of murder or attempted murder following amendments to sections 188 and 189.

The court appointed counsel and received further briefing from the attorneys. The People argued Chau was ineligible for relief as a matter of law because he was not convicted under any theory of liability affected by amendments to the Penal Code made by Senate Bill No. 1437. According to the People, the jury instructions from Chau's trial demonstrate he was convicted as a direct perpetrator acting with the intent to kill, rather than as a co-participant under a vicarious theory of liability. In support of their argument, the People submitted various exhibits, including the preliminary

3

hearing transcript, jury instructions, and verdict forms from Chau's jury trial.

The court conducted a prima facie hearing on October 27, 2022. After hearing argument from the parties, the court found the verdict forms demonstrated Chau was "a direct perpetrator" and that he was not convicted under a natural and probable consequences theory of liability. Accordingly, the court found Chau failed to meet his burden "as a matter of law" and denied the petition.

The court also issued a written order denying Chau's petition in November 2022. In its order, the court commented that the jury found Chau's attempted murder "offense was willful, deliberate, and premeditated," and that he "intentionally and personally discharged a semi-automatic handgun." The court concluded Chau was convicted of attempted murder "as a direct perpetrator or an aider and abettor, rather than under the natural and probable consequences doctrine" and denied the petition. This appeal followed.

## DISCUSSION

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition where counsel finds no arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) In such circumstances, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Ibid*.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is

4

required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Consistent with the procedure outlined in *Delgadillo,* we provided Chau with the opportunity to submit a supplemental brief, which he has done. As we understand his argument, Chau contends the firearms allegation in connection with count 1 (§ 12022.53, subd. (d)) is inapplicable to his case because the attempted murder offense also involved the use of a firearm. He also claims error relating to the allegation under section 12022.53 because a gang-related allegation under section "186.22, [subdivision] (b)(1), was not pled or proved." Throughout his brief, Chau references various provisions of the Evidence Code and Penal Code, and he argues that "people of color (i.e. Black & Brown) receive the majority of enhancements of 'Gangs and Guns'." As we shall discuss, Chau may not establish eligibility for relief under section 1172.6 based on alleged trial errors, and we conclude the record demonstrates he is not entitled to relief as a matter of law.

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also created a procedure that allows persons convicted under the former murder laws to petition for retroactive relief. (Stats. 2018, ch. 1015, § 4.) Two years later, Senate Bill

No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) expanded eligibility for resentencing to include persons convicted of attempted murder under the natural and probable consequences doctrine. (See § 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

A petitioner initiates the resentencing process under section 1172.6 by filing a declaration averring he or she is eligible for relief because: (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a now invalid murder or attempted murder theory; (2) the petitioner was convicted of murder or attempted murder after a trial or accepted a plea offer at which the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not presently be convicted of murder or attempted murder because of the changes to the Penal Code that were implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)-(3), (b)(1).) For a petition satisfying the basic pleading requirements under section 1172.6, subdivisions (a)(1)-(3), the court must appoint counsel, permit briefing, and conduct an initial hearing under subdivision (c) to determine whether the petitioner has made a prima facie case for relief, and if so, issue an order to show cause. (§ 1172.6, subds. (b)(3), (c).) The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).) The record of conviction may include the jury instructions and verdict forms from the petitioner's jury trial. (See *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [court properly considered the jury instructions, prosecution's closing argument, and verdict forms to evaluate the petitioner's prima facie claim for relief under section 1172.6]; *People v. Williams* (2022) 86 Cal.App.5th 1244,

1252–1255 [court properly considered the jury instructions and verdict forms to evaluate the petitioner's prima facie claim for relief].)

Here, among other evidence, the court reviewed the jury instructions and verdict forms from Chau's jury trial in rendering its decision. The jury instructions relating to the premeditated attempted murder offense, CALCRIM Nos. 600 and 601, required the jury to find Chau "took at least one direct but ineffective step toward killing another person" and that he "intended to kill that person." The trial court did not instruct the jury on the natural and probable consequences doctrine, or any other aiding and abetting theory of liability, and Chau was the only defendant on trial. Accordingly, under the circumstances of this case, the jury had to find Chau was the actual perpetrator acting with the intent to kill in order to convict him of premeditated attempted murder.

The resentencing process in section 1172.6 is not applicable to the direct perpetrator of an attempted murder. (*Coley, supra,* 77 Cal.App.5th at pp. 547-548.) Rather, it applies "only to attempted murders based on the natural and probable consequences doctrine." (*Id* at p. 548; § 1172.6, subd. (a).) Accordingly, because Chau was convicted as the direct perpetrator, he was not convicted of attempted murder under any theory specified by section 1172.6 that would afford him relief. (See, e.g., *People v. Estrada* (2022) 77 Cal.App.5th 941, 946 [summary denial of section 1172.6 petition affirmed where record demonstrated trial court did not instruct jury on natural and probable consequences doctrine]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

7

Chau's legal arguments related to the applicability of the firearms enhancement under section 12022.53 do not compel a contrary result. "Section 1172.6 does not create a right to a second appeal, and [Chau] cannot use it to resurrect a claim that should have been raised in his . . . direct appeal." (*People v. Burns* (2023) 95 Cal.App.5th 862, 865; see also *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error"].)  Thus, even were we to find error related to the application of the firearms enhancements, this would constitute a "trial error" not within the scope of section 1172.6.  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

In summary, we conclude the issues identified by Chau in his supplemental brief lack arguable merit.  The record of conviction conclusively demonstrates Chau was not convicted of attempted murder under any theory of liability that would afford him relief under section 1172.6, and therefore the trial court correctly found Chau did not make a prima facie showing for relief.  (See *Lewis, supra,* 11 Cal.5th at pp. 970–972.)

## DISPOSITION

The order denying Chau's section 1172.6 petition is affirmed.


McCONNELL, P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

9